JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KARISSA KOCJANCIC

## DEFENDANTS
BAYVIEW ASSET MANAGEMENT, LLC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade County, FL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 215-364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 201 et seq.
Brief description of cause:
A claim brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
7/1/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite A Huntingdon Valley, PA 19006

Address of Defendant: 4425 Ponce De Leon Blvd, Coral Gables, FL 33146

Place of Accident, Incident or Transaction: Fort Washington, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☒ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 7/1/14 _____    _____    87976
                                    Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/1/14 _____    _____    87976
                                    Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| KOCJANCIC, et al. | : | CIVIL ACTION |
| v. | : | |
| BAYVIEW ASSET MANAGEMENT, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　　(x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( )

| | | |
|---|---|---|
| _7/1/14_ | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KARISSA KOCJANCIC, on behalf of herself and all other similarly situated employees,<br><br>                    Plaintiff,<br><br>          v.<br><br>BAYVIEW ASSET MANAGEMENT, LLC<br><br>                    Defendants. | Civil Action No.:<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Karissa Kocjancic ("Plaintiff"), individually and on behalf of all others similarly situated, by her undersigned attorneys, make the following allegations against Defendant Bayview Asset Management, LLC ("Bayview" and/or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

<u>**INTRODUCTION**</u>

1.      As explained herein, under applicable employment laws all non-exempt employees are entitled to receive premium overtime compensation for all hours worked in excess of forty hours in a work week at a rate of one and one-half (1.5) times their regular rate of pay.  However, Defendant has a policy whereby it misclassifies a significant majority of its labor force as exempt from the overtime requirements of applicable employment laws.

2.      As detailed herein, Defendant systematically failed to pay Plaintiff and the members of the Classes (defined below) premium overtime compensation in the amount of one and one-half (1.5) times their regular rate for all hours worked in excess of forty hours in a workweek.

3.      As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

4.      Indicative of Defendant's failure to comply with the applicable overtime laws, it recently implemented a policy whereby it seeks to pay employees overtime previously worked, but not paid.  Unfortunately for Plaintiff and the Classes, Defendant either systematically contests the amount of overtime worked and/or attempts to only pay 0.5 times the employee's regular rate – rather than 1.5 times as required by law.

## SUMMARY OF CLAIMS

5.      Plaintiff brings this action as a nationwide collective action under the under the FLSA on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed as Residential Asset Managers, Short Sale Processor, Loss Mitigation Processors, Closers and/or other comparable job titles by Defendant during the statutory period covered by this Complaint and elect to opt-in to this action (the "FLSA Class").

6.      Plaintiff further brings this action as a state-wide class action to recover all unpaid wages under the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment Collection Law (collectively "PA State Laws").

7.      Specifically, Plaintiff brings the PA State Law claims as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following persons similarly situated:

> All persons who, at any time during the statutory period covered by this Complaint, are or were employed by Defendant as a Residential Asset Manager, Short Sale Processor, Loss Mitigation Processor, Closer and/or other comparable job title, and who do not opt-out of this action (the "PA State Class").

2

8.    The FLSA Class and the PA State Law Class are collectively referred to herein as the "Classes."

9.    Plaintiff alleges on behalf of the FLSA Class that they are: (i) entitled to unpaid overtime wages from Defendant for hours worked in excess of forty (40) in a workweek for which Defendants failed to pay premium overtime wages as required by law; and (ii) entitled to liquidated damages pursuant to the FLSA.

10.    Plaintiff alleges on behalf of the PA State Class that Defendants violated the PA State Laws by, *inter alia,* failing to pay them the appropriate overtime wages for all hours worked in excess of 40 in a workweek.

## PARTIES

11.    Plaintiff Karissa Kocjancic is an adult individual who resides in the Commonwealth of Pennsylvania.  Plaintiff was employed by Defendants as a Residential Asset Manager and Short Sale Processor / Closer in Defendant's Fort Washington, Pennsylvania office from approximately April 2013 through on or about April 2014.  Plaintiff is a covered employee within the meaning of the FLSA and the PMWA.

12.    Plaintiff has consented to join this action by filing a written consent to join form, attached hereto as Exhibit "A."

13.    Defendant is a full service mortgage investment firm that is headquartered at 4425 Ponce de Leon Blvd. 5th Floor Coral Gables, FL 33146.  Upon information and belief, Defendant has additional locations in Florida, Pennsylvania, Texas, and Illinois.

14.    Upon information and belief, Defendant has employed over fifty Residential Asset Managers, Short Sale Processors, Loss Mitigation Processors, and/or Closers throughout the Commonwealth and within this District during the statutory period covered by this

Complaint. Plaintiff believes the number of individuals in the FLSA Class is significantly more.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

16.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

18.     The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are entitled to be paid premium overtime wages in the of 1.5 times their regular rate of pay for all hours in excess of 40 in a workweek.

19.     Contrary to these basic protections, Plaintiff and the members of the Classes were:  (i) improperly classified as exempt; and (ii) deprived of the mandated overtime wages for all hours they worked in excess of 40.

20.     Plaintiff and the members of the Classes consist of those employees who held the position of Residential Asset Manager ("RAM"), Short Sale Processor, Loss Mitigation Processor, Closer and/or other comparable job titles during the statutory period covered by this Complaint.

21.     Plaintiff began her employment with Defendant as a RAM in April 2013.  On or about August, 2013 Plaintiff moved into a pilot program whereby her job title changed to Closer

and/ or Loss Mitigation Processor.  Upon information and belief the term Short Sale Processor has also been used to identify this position.

22.    The primary job duties of Plaintiff and the members of the Classes consisted of providing assistance to upper management and/or Defendant's underwriting department with modifications, short sales, and other delinquent portfolios, whether as a RAM or Loss Mitigation Processor, Short Sale Processor or Closer.

23.    In the performance of their job duties, Plaintiff and the members of the Classes, *inter alia*, handled in-bound and out-bound collection calls; performed data entry tasks; gathered and assembled documents (necessary to complete short sales, modifications, and/or forbearances) from borrowers; coordinating with settlement agents; printed approval / denial letters; and  manually printed letters and envelopes and mailed them to customers.

24.    In the performance of their duties, Plaintiff and the members of the Classes regularly worked in excess of 40 hours in a workweek.  Indeed, although Plaintiff was scheduled to work from 9:00 a.m. to 6:00 p.m., she regularly worked till 8:00 or 9:00 p.m. to get all her approvals and denials completed.  On occasion, Plaintiff worked even later due to the high volume of work Defendant tasked her with.

25.    Plaintiff and the members of the Classes were not responsible for deciding whether a loan file was approved or denied.  However, they were expected to remain on site until all their approvals were cleared from Defendant's quality assurance department. In fact, individuals had received written reprimands for failing to do so.

26.    Moreover, Plaintiff and the members of the Classes were responsible for processing files for short sales in California, which, due to the time difference, further necessitated staying beyond their "scheduled shifts."

27.    Indeed, Plaintiff was pressured to close as many short sales as possible, requiring her to often stay in the office till 10:00 p.m. or beyond.

28.    Plaintiff regularly worked in excess of 10 hours of overtime to satisfy her job requirements.  Further, Plaintiff often worked in excess of 20 hours of overtime due to her job responsibilities.

29.    Plaintiff noticed that members of the Classes often worked long hours, incurring significant overtime, much like herself.

30.    Plaintiff and the members of the Classes have been victims of a common policy and plan by Defendant that has violated their rights under the FLSA and the PMWA by denying them premium overtime wages.

31.    Specifically, Defendants have willfully classified Plaintiff and the Class Members as exempt employees.

32.    However, Plaintiff and the members of the Classes do not meet any of the exemptions to the FLSA or PMWA.

33.    Plaintiff and members of the Classes are not administratively exempt because, among other things, they did not have responsibilities to make management or business decisions for Defendant on matters of significance, nor did they regularly exercise independent discretion on matters of significance.

34.    Importantly, Plaintiff and the members of the Classes did not have the ability to approve and/or finalize loan modifications, short sales, forbearances, or any other decisions regarding delinquent portfolios without clear consent and/or approval from management or Defendant's underwriting department.

35.    Plaintiff and the members of the Classes do not qualify for the professional

exemption because they are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

36.     Plaintiff and the members of the Classes do not qualify for the executive exemption because they do not have the ability to supervise, discipline, evaluate, hire or terminate other employees.

37.     As such, Plaintiff and members of the Classes, have been wrongfully classified by Defendant, and are not exempt from the requirement of premium overtime pay.

38.     In violation of the FLSA, Plaintiff and the members of the Class have not been paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for work performed over the forty (40) hour workweek.

39.     Defendant's failure to provide Plaintiff and the members of the Classes premium overtime wages was undertaken willfully and with reckless disregard of clearly applicable FLSA and PA State Law principles.

40.     Defendant has been sued previously for similar failure to pay overtime allegations as contained herein.

41.     Upon information and belief, Defendant has attempted to make Plaintiff and other similarly situated employees purportedly whole for overtime compensation denied to them during the time period they were misclassified as exempt from the FLSA's and PMWA's overtime requirements by offering payment of back wages to such employees.

42.     However, it is believed that Defendant utilized the fluctuating workweek/half-time method in determining the amount of overtime owed, in that Defendant was offering to pay employees half time (.5) for the overtime hours worked rather than 1.5.

43.     The appropriate remedy for Plaintiff and other similarly situated employees of

Defendant who were misclassified as exempt from the FLSA's overtime requirements is compensation at the overtime rate of one and one-half times the regular rate of pay because Defendant did not meet the vigorous requirements necessary to utilize the fluctuating workweek rule.

44.     Under the FLSA, before an employer can pay employees under the fluctuating workweek method, the employer must meet all of the following five requirements:

    a.     The employee's hours must fluctuate from week to week;

    b.     The employee must receive a fixed weekly salary that remains the same regardless of the number of hours the employee works during the week;

    c.     The fixed amount must be sufficient to provide compensation at a regular rate not less than the applicable minimum wage;

    d.     The employer and the employee must have a clear understanding that the employer will pay the employee a fixed weekly salary regardless of the hours worked; and

    e.     The employee must receive a fifty-percent overtime premium in addition to the fixed weekly salary for a hours that the employee works in excess of forty during that week.

*See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.114.

45.     During the time period Plaintiff and other similarly situated employees were misclassified as exempt from the FLSA's overtime requirements, Defendant did not meet all prongs of the above five-part test, and was therefore prohibited from utilizing the fluctuating workweek method to reduce its liability for back wages to Plaintiff and other similarly situated employees of Defendant.

46.     During the time period Plaintiff and other similarly situated employees of Defendant were misclassified as exempt from the FLSA's overtime requirements, Defendant and such employees did not have a clear understanding that the fluctuating workweek rule applied.

47.     Indeed, there could not have been a clear, mutual understanding because Defendant treated Plaintiff and the members of the Classes as though they were exempt and therefore not entitled to overtime compensation.

48.     During the time period Plaintiff and the members of the Classes were misclassified as exempt from the FLSA's overtime requirements, they were not paid the required fifty-percent overtime premium for hours worked in excess of forty, as necessary for Defendant to utilize the fluctuating workweek method.

49.     Because Plaintiff and other similarly situated employees of Defendant were not contemporaneously paid the fifty-percent overtime premium owed under the fluctuating workweek method during the time period they were misclassified as exempt from the FLSA's overtime requirements, Defendant's retroactive provision of those payments is not sufficient.

50.     Even if Defendant were entitled to the fluctuating work week provision, it cannot apply the fluctuating work week 0.5 pay to members of the PA State Class.

51.     Indeed, Pennsylvania law does not allow for the fluctuating workweek method of paying overtime. *See Foster v. Kraft Foods Global, Inc*., 2012 WL 3704992 (W.D. Pa. 2012); *Cerutti v. Frito Lay, Inc.*, 777 F.Supp.2d 920 (W.D. Pa. 2011).

52.     Each of the foregoing acts is in contravention of applicable employment laws.

53.     While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery.  Irrespective of the foregoing, when an employer fails to keep complete and accurate

time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to 29 U.S.C. §§ 207 and 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA State Class for claims under the PA State Laws.

55.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt out of the PA State Class pursuant to Fed.R.Civ.P. 23.

56.    Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over fifty individuals in each of the Classes.

57.    Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

58.    The claims of Plaintiff are typical of the claims of the Classes she seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

59.     Common questions of law and fact exist as to the members of the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a.      Whether Defendant employed Plaintiff and the members of the Classes within the meaning of the FLSA and PMWA;

b.      Whether Plaintiff and the members of the Classes were uniformly, willfully and wrongfully classified by Defendant as exempt from overtime compensation;

c.      Whether Defendant had a policy or practice of failing to pay Plaintiff and the members of the Classes premium overtime wages for all hours worked in excess of 40 in a workweek, in violation of the FLSA and PA State Laws;

d.      Whether Plaintiff and members of the Classes were expected to, and/or mandated to, regularly work hours in excess of forty (40) per week;

e.      Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

f.      Whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

60.     Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes she seeks to represent, and has retained competent and experienced counsel.

61.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual PA State Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual PA State Class Members would as a practical matter be dispositive of the interests of non-party class members.

62.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the PA State Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the PA State Class as a whole.  The PA State Class is entitled to injunctive relief to end Defendant's common and uniform practices of failing to pay class members the all the legally mandated minimum wages due them.

63.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual PA State Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages suffered by individual PA State Class Members may be relatively small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation, which may result in inconsistent judgments about Defendant's practices.

64.    Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

65.    Plaintiff knows of no difficulties that will impede the efficient management of this litigation or preclude its maintenance as a class action.

66.    Defendant has violated the FLSA.

67.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA**
**(Brought on behalf of Plaintiff and the FLSA Class)**

75.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

76.    Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed herein.

77.    The overtime wage provisions set forth in the FLSA and the supporting federal regulations apply to Defendant and protect Plaintiff and the members of the FLSA Class.

78.    At all relevant times, Plaintiff and the members of the FLSA Class were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s).

79.    At all relevant times, Plaintiff and the members of the FLSA Class were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

80.    At all relevant times, Defendants have been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s) with annual gross volume of sales made or business done in excess of $500,000.00.

13

81.     At all relevant times, Defendants employed Plaintiff and the members of the FLSA Class within the meaning of 29 U.S.C. § 203(g).

82.     As stated above, Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiff and the members of the Classes for the hours worked in excess of forty (40) hours per week.

83.     Defendant's failure to pay Plaintiff and all other members of the Classes for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of 29 U.S.C. §§ 206, 207.

84.     In violating the FLSA, Defendant acted willfully and with disregard of clearly applicable FLSA provisions.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

85.     Due to the Defendant's FLSA violations, Plaintiff and the members of the Classes are entitled to recover from Defendant their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

86.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**Violation of the PMWA**
**(Brought on Behalf of Plaintiff and the PA State Class)**

87.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

88.     At all relevant times, Plaintiff and the PA State Class were "Employees" and

Defendants was their "Employer" within the meaning of the PMWA.

89.    The PMWA provides that employees who work over 40 hours in a workweek shall receive "1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." 43 P.S. § 333.104(c).

90.    Defendant violated the PMWA by failing to pay Plaintiff and the members of the Classes the legally mandated hourly overtime premium for hours worked over forty in a workweek.

91.    In violating the PMWA, Defendant acted willfully and with disregard of clearly applicable PMWA provisions.

92.    Pursuant to 43 P.S. § 333.113, Plaintiff and the members of the PA OT Eligible Class are entitled to recover from Defendant an amount equal to unpaid overtime compensation for all the hours worked in excess of forty hours in a work week for which they did not receive compensation equal to one and one-half times their regular rate, in an amount to be proven at trial, together with interest, costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
**Violation of the WPCL**
**(Brought on Behalf of Plaintiff and the PA State Class)**

93.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

94.    Plaintiff and members of the PA State Class are/were employees of Defendant within the meaning of the WPCL and, as such, are entitled to timely payment of wages due to them.

95.    Defendant is an employer within the meaning of the WPCL.

96.    Pursuant to the WPCL, Plaintiff and the members of the PA Class were

entitled to receive all compensation due and owing to them on their regular payday.

97.    As a result of Defendant's unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

98.    Plaintiff, on behalf of himself and the members of the PA OT Eligible Class, are entitled to recover from Defendant the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.    Designation of the action as a class action under Fed. R. Civ. P. 23on behalf of the PA State Class;

C.    Designation of Plaintiff as representative of the FLSA Class and the PA State Class;

D.    Designation of Plaintiff's counsel as class counsel for the FLSA Class and the PA State Class;

E.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PMWA, and WPCL;

F.    An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from

engaging in each of the unlawful practices, policies and patterns set forth herein;

G.    An award of unpaid overtime wages to Plaintiff and the members of the Classes;

H.    An award of liquidated damages to Plaintiff and members of the Classes;

I.    Pre-judgment interest and post-judgment interest;

J.    An award of costs and expenses of this action together with reasonable attorneys'

and expert fees to Plaintiff and members of the Classes; and

K.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all issues so triable.

Date: July 1, 2014                         Respectfully submitted,
                                           **KALIKHMAN & RAYZ, LLC**


                                           /s/
                                           _____
                                           Arkady "Eric" Rayz, Esquire
                                           Demetri A. Braynin, Esquire
                                           1051 County Line Road, Suite "A"
                                           Huntingdon Valley, PA 19006
                                           Telephone:  (215) 364-5030
                                           Facsimile:  (215) 364-5029
                                           E-mail: erayz@kalraylaw.com
                                           E-mail: dbraynin@kalraylaw.com

                                           **CONNOLLY WELLS & GRAY, LLP**
                                           Gerald D. Wells, III, Esquire
                                           Robert J. Gray, Esquire
                                           2200 Renaissance Blvd., Suite 308
                                           King of Prussia, PA 19406
                                           Telephone:  (610) 822-3700
                                           Facsimile:  (610) 822-3800
                                           Email: gwells@cwg-law.com
                                           Email: rgray@cwg-law.com

                                           Counsel for Plaintiff and the Proposed Class

# EXHIBIT "A"

## CONSENT TO BECOME A PARTY PLAINTIFF

1.    I, _Karissa L. Kocjancic_, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

2.    During the applicable period, I was an employee of Defendants and was not paid properly for all hours worked.

3.    By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with federal law.

_6/20/14_
Date

_Karissa Kocjancic_
Print Name

_Karissa L. Kajancic_
Signature