# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARISSA KOCJANCIC** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 14-4037** |
| **v.** | : | |
| | : | |
| **BAYVIEW ASSET** | : | |
| **MANAGEMENT, LLC** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                              NOVEMBER 5, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion to compel arbitration and stay the proceedings* filed by Defendant Bayview Asset Management, LLC (Defendant), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 4 and 3, respectively, and which seeks to compel Plaintiff Karissa Kocjancic (Plaintiff) to arbitrate the underlying dispute. [ECF 4]. Plaintiff opposes the motion. [ECF 9]. Defendant filed a reply to the opposition. [ECF 13]. The motion has been fully briefed and is, therefore, ripe for disposition.

For the reasons stated herein, the motion to compel arbitration and stay the proceedings is granted.

### BACKGROUND

On July 1, 2014, Plaintiff filed a complaint against Defendant, her former employer, in which she asserts various employment based claims, including assertions made under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law

("WPCL"), 43 P.S. §260, *et seq.* [ECF 1]. On September 9, 2014, Defendant moved to compel

the arbitration of Plaintiff's claims pursuant to an arbitration agreement. [ECF 4].

Briefly, the following is a summary of the undisputed facts elicited from the complaint

and Defendant's motion which are pertinent to the motion to compel arbitration:[1]

> On April 10, 2013, Plaintiff was hired by Defendant as a Residential Asset
> Manager and Short Sale Processor/Closer in Defendant's Fort Washington,
> Pennsylvania office. (Comp. ¶11). On January 22, 2014, at 10:26 p.m.,
> Defendant sent a company-wide email to all of its employees, including Plaintiff,
> marked "high importance" advising them of revisions to the Employee Handbook
> and of the new mandatory arbitration program and arbitration agreement
> ("Arbitration Agreement").

> The email contained hyperlinks to Defendant's intranet website and to the
> mandatory arbitration program and to the Arbitration Agreement,[2] (referenced as
> a stand-alone document). Defendant's email read, in part, as follows:

>> The Arbitration Program's most important component is
>> the **Arbitration Agreement**. Your acceptance of the Arbitration
>> Program's arbitration agreement is accomplished by your
>> continued employment after January 23, 2014. Accordingly, **all**
>> employees who continue their employment after January 23, 2014,
>> are deemed to have accepted the Arbitration Program and its
>> arbitration agreement as the exclusive method to pursue all
>> covered disputes not resolved through normal human resource
>> channels. Thus, by continuing your employment after January 23,
>> 2014, you are giving up the right to a jury trial, in favor of an
>> arbitrator, and the right to participate in a class action. Your
>> receipt of this email is an acknowledgment that you have received
>> (in the links below) (i) the Arbitration Program and agreement and
>> (ii) the explanatory PowerPoint presentation. It is your obligation
>> to read and understand the Arbitration Program and agreement and
>> your related rights and obligations thereunder.[3]

---

[1] In opposing Defendant's motion, Plaintiff relies on the facts and evidence submitted by Defendant, arguing that it creates a genuine issue of material fact. (*See* Plaintiff's Opposition at p. 6). For purposes of this motion, this Court will construe the facts and evidence in the light most favorable to the non-movant, Plaintiff, as set forth in Plaintiff's opposition.

[2] In her opposition, Plaintiff refers to the arbitration program and the arbitration agreement collectively as the "Arbitration Agreement." (*See* Plaintiff's Opposition at p. 3).

[3] Defendant represents that the emphasis noted appears in the original email.

Plaintiff contends that the employees were not directed to affirmatively acknowledge that they had received or opened the hyperlinks in the email, nor were they required to acknowledge that they had reviewed the Arbitration Agreement.

According to Defendant, Plaintiff opened the email after receiving it, an assertion not disputed. Plaintiff resigned her position on April 25, 2014. (Comp. ¶11).

## LEGAL STANDARD

Where the "affirmative defense of arbitrability of claims is apparent on the face of the complaint (or documents relied upon in the complaint), the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 774 (3d Cir. 2013). Where arbitrability is not so apparent, "the issue should be judged under the Rule 56 standard." *Id*. Here, the issue of arbitrability is not apparent from the face of Plaintiff's complaint, since she neither refers to the parties' arbitration agreement nor attaches it to her complaint. Accordingly, this Court will apply the summary judgment standard.[4]

Pursuant to Federal Rule of Civil Procedure (Rule) 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the

---

[4] In their respective papers, both parties appear to agree that the underlying motion should be subject to the summary judgment standard. While ordinarily a party opposing a motion to compel arbitration should be given an opportunity to conduct limited discovery on the question of arbitrability, here Plaintiff does not dispute Defendant's evidence regarding the company's adoption of the arbitration program and agreement or her receipt by email of them. Instead, Plaintiff relies on this very evidence to argue that the arbitration agreement is unconscionable. Because Plaintiff does not challenge this evidence, but rather relies upon it herself, and this Court construes this evidence in the light most favorable to Plaintiff, discovery is not necessary.

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving part fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 476 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and by either affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

**DISCUSSION**

Congress enacted the FAA in response to what was the traditional judicial hostility to the enforcement of arbitration agreements. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 112 (2001). The FAA provides that arbitration agreements are "enforceable to the same extent as other contracts." *Seus v. John Nuveen & Co.,* 146 F.3d 175, 178 (3d Cir. 1998). The FAA's enactment establishes a strong federal policy in favor of the resolution of disputes through arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Accordingly, "federal law presumptively favors the enforcement of arbitration agreements." *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 178 (3d Cir. 1999). A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration. 9 U.S.C. §§3-4; *Seus,* 146 F.3d at 179.

Defendant moves to compel arbitration and relies on the Arbitration Agreement which provides:

> Except for the claims set forth in the paragraph below, you are required to arbitrate any and all disputes, claims, or controversies ("claim") against the Company that could be brought in a court including, but not limited to, all claims arising out of your employment and the cessation of employment, including any claim that could have been presented to or could have been brought before any court. This Agreement to arbitrate includes, but is not limited to, claims under the . . . Fair Labor Standards Act . . . or any other federal, state, or local law, ordinance or regulation based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including attorney's fees. Accordingly, all claims which could be pursued in court must be pursued in arbitration, and the arbitrator shall apply the law accordingly.
>
> Likewise, the Company has a reciprocal obligation to arbitrate any covered claim against you and also agrees to be bound by the terms of this Agreement regarding any matter covered herein.

(Defendant's Motion, Ex. A, at Ex. 4, ¶1).

In opposing the motion to compel arbitration, Plaintiff argues that the Arbitration Agreement is void as it is unconscionable. In response, Defendant contends that because the Arbitration Agreement contains a "delegation provision" any unconscionability challenge is an issue reserved for the arbitrator and not for this Court to decide. Specifically, the delegation provision provides:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void or voidable.

(Defendant's Motion, Ex. A, Ex. 4, ¶4).

The FAA places arbitration agreements on an equal footing with other contracts and requires their enforcement according to their terms. *Volt Information Sciences, Inc. vs. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 478 (1989). Like any contract, arbitration agreements may be invalidated by "generally applicable contract defenses, such as duress, fraud or unconscionability." *Doctor's Associates, Inc. vs. Casarotto*, 517 U.S. 681, 687 (1996). Section 2 of the FAA allows for challenges to arbitration agreements on such grounds as exist in law or in equity for the revocation of any contract. Section 4 permits a party aggrieved by the failure of another party to arbitrate under a written agreement to arbitrate to petition the court for an order directing such arbitration. The court is obligated to order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." *Id.*

Here, the issue presented to this Court is similar to the issue addressed by the United States Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010),

wherein the Supreme Court was asked to decide whether, pursuant to the FAA, a district court,
rather than an arbitrator, may decide whether an arbitration agreement is unconscionable where a
provision within the arbitration agreement delegates that decision to the arbitrator.  *Id.* at 65.
There, the respondent executed an arbitration agreement as a condition of his employment which
required all "'past, present or future' disputes arising out of [his] employment with [petitioner]
Rent-A-Center" to be arbitrated.  *Id.*  Said arbitration agreement contained a delegation provision
which provided:

> The Arbitrator, and not any federal, state, or local court or agency,
> shall have exclusive authority to resolve any dispute relating to the
> interpretation, applicability, enforceability or formation of this
> Agreement including, but not limited to any claim that all or any
> part of this Agreement is void or voidable.

*Id.* at 66.  The employer sought to enforce the parties' arbitration agreement which the employee
opposed by arguing that the parties' agreement was unconscionable.  *Id.*

On the delegation provision in the arbitration agreement, the Supreme Court stated:

> The delegation provision is an agreement to arbitrate threshold
> issues concerning the arbitration agreement.  We have recognized
> that parties can agree to arbitrate "gateway" questions of
> "arbitrability," such as whether the parties have agreed to arbitrate
> or whether their agreement covers a particular controversy . . . An
> agreement to arbitrate a gateway issue is simply an additional,
> antecedent agreement the party seeking arbitration asks the federal
> court to enforce, and the FAA operates on this additional
> arbitration agreement just as it does on any other.

*Id.* at 68-69.  The Court further held that it was required to enforce the delegation provision
under Sections 3 and 4 of the FAA, and that the challenges to the validity of the arbitration
agreement as a whole must be reserved for the arbitrator.  *Id.*

As noted above, the Arbitration Agreement, the subject of this motion, contains an
identical delegation provision as the one at issue in *Rent-A-Center*.  Plaintiff has not contested

the validity of the delegation provision in particular, but rather directs her entire unconscionability argument to the Arbitration Agreement as a whole.  As noted by Defendant, Plaintiff makes the following challenges in her brief:

- "Defendant's Arbitration Agreement is unconscionable because . . . ." (Plaintiff's Opposition at p. 8).

- "[T]he procedural unconscionability of the delivery of the Arbitration Agreement is so severe . . . ." (*Id.* at p. 9).

- "The Arbitration Agreement is without question procedurally unconscionable when examined . . . ." (*Id.* at p. 10).

- " . . . Plaintiff and Defendant's employees had no choice regarding the acceptance of the terms of the Arbitration Agreement." (*Id.*).

- ". . . the Arbitration Agreement . . . is, in fact, a contract of adhesion." (*Id.*).

Because Plaintiff, like the respondent in *Rent-A-Center*, directs her unconscionability challenge to the Arbitration Agreement as a whole without directly challenging the enforceability of the delegation clause therein, in accordance with the holding in *Rent-A-Center*, the delegation clause requires this matter, and Plaintiff's challenges, to be addressed by an arbitrator.


**CONCLUSION**

For the reasons stated, this Court finds that Plaintiff's argument on the unconscionability of the Arbitration Agreement as a whole is an issue for the arbitrator to resolve pursuant to the delegation provision of the Arbitration Agreement.  Therefore, Defendant's *motion to compel arbitration and stay the proceedings* is granted.  An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.